United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40364
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GREGORY C. JACKSON,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-143-1-RAS
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:*

     Gregory C. Jackson pleaded guilty to one count of conspiracy
to commit mail fraud.  Jackson's guilty plea established that
Jackson and two other persons obtained lines of credit in the
names of fictitious corporations and then used those lines of
credit to obtain computers and other electronic equipment from
Dell, Inc.  Based on the amount of the loss set forth in the
Presentence Report, the district court increased Jackson's
offense level by ten points, from six to 16.  This resulted in a
Sentencing Guideline range of 27 to 33 months.  Jackson now

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeals on the basis that the enhancement violated his Sixth Amendment rights pursuant to United States v. Booker, 125 S. Ct. 738 (2005).

As Jackson failed to raise this claim in the district court, our review is for plain error. See United States v. Mares, ___ F.3 ___, No. 03-21035, 2005 WL 503715 (5th Cir. Mar. 4, 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). In order to establish plain error, Jackson must show: (1) error, (2) that is clear or obvious, and (3) that affects substantial rights. Id. at *8; United States v. Infante, ___ F.3 ___, No. 02-50665, 2005 WL 639619 at *13 (5th Cir. Mar. 21, 2005). If all three conditions are met, this court may then exercise its discretion to correct the error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Mares, 2005 WL 503715 at *8.

Jackson meets the first two prongs of the plain error test because the enhancement was based on facts found by the district court, which constitutes obvious error after Booker. See id. Nevertheless, Jackson's claim fails at the third step of the plain error test because he has not shown that the error affected his substantial rights. In order to meet that burden, a defendant is required to demonstrate "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser

sentence." <u>Infante</u>, 2005 WL 639619 at *13. There is no indication in the record that the district court would have imposed a lower sentence if the guidelines had been advisory. As Jackson has not satisfied the third prong of the plain error test, he is not entitled to resentencing.

Accordingly, the judgment of the district court is AFFIRMED.